**GARDENS OF FAITH, INC., Petitioner,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Raymond F. CUSHING and Kathryne R. Cushing, Petitioners,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**Nos. 9714, 9715.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 4, 1965.

Decided March 18, 1965.

John Y. Merrell, Washington, D. C. (Paul P. Senio, Washington, D. C., on brief), for petitioners.

Edward Heilbronner, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen. and Lee A. Jackson and Harold C. Wilkenfeld, Attys., Dept. of Justice, on brief), for respondent.

Before SOBELOFF and J. SPENCER BELL, Circuit Judges, and CHRISTIE, District Judge.

PER CURIAM:

Raymond F. Cushing and wife were instrumental in organizing two cemetery corporations, Gardens of Faith, Inc., and Evergreen Memorial Gardens, Inc. The corporations issued certain "Certificates of Indebtedness" for undetermined amounts, which required them to pay to the certificate holders 25% of the base sales price of every burial lot sold by the corporations for 50 years.

The issues in this appeal are the appropriate tax treatment of the sums thus paid, both in the corporations' returns and those of the certificate holders, Cush-

ing and wife. The Commissioner of Internal Revenue contends that the certificate holders are equity investors in the respective corporations and therefore the corporations are not entitled to deduct as land costs the payments màde to the certificate holders, and that amounts received by the individual taxpayers with respect to the "Certificates of Indebtedness" are, to the extent of the corporate earnings and profits, taxable as dividends. The court upheld the Commissioner's contentions. 1964 P-H T. C. Memo, Dec., Par. 64, 178.

The opposing arguments addressed to us by the taxpayers in their brief and oral presentation are fairly stated and convincingly answered in the exhaustive opinion of the Tax Court. This case presents a mixed question of law and fact. The correct legal principle was followed and the resolution of the factual issue by the Tax Court was warranted.

Affirmed.